IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSE TOXQUI,**<br><br>    Plaintiff,<br><br>vs.<br><br>**SPAIN INN, INC., LUIS RODRIGUEZ, individually, and JOSE RODRIGUEZ, individually,**<br><br>    Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JOSE TOXQUI ("Plaintiff"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants SPAIN INN, INC., ("Defendant" or "Spain Inn") LUIS RODRIGUEZ, individually, and JOSE RODRIGUEZ, (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – non-exempt bus boys-who suffered damages for damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt bus boy duties for the Defendants in Piscataway, Middlesex County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, Spain Inn, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, Defendants provide food for patrons for other cities throughout New Jersey and throughout the tri state area.  Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendants' consumers.  Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff Toxqui is an adult individual who is a resident of North Plainfield, Somerset County, New Jersey.

9. Plaintiff Toxqui was employed by Defendants full time as a non-exempt busboy, performing bus-boy duties, from in or about May, 2013, through in or about November, 2015.

10. Upon information and belief, the Defendants own and/or maintain a restaurant that provides services and products throughout the State of New Jersey as well as neighboring states.

11. Upon information and belief, the Defendant, Spain Inn, is headquartered in Piscataway, Middlesex County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant Spain Inn, employs individuals to perform labor services on behalf of the Defendants.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant Spain Inn Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant Spain Inn is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

15. Upon information and belief, Defendants Luis Rodriguez and Jose Rodriguez are New Jersey state residents.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendants Luis and Jose Rodriguez have been owners, partners, officers and/or managers of the Defendant Spain Inn's business.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendants Luis and Jose Rodriguez have had power over personnel decisions at the Defendant Spain Inn's business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## **FACTS**

18. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all overtime hours he worked in a work week.

19. Plaintiff Toxqui was paid approximately $350.00 to $450.00 per week, regardless of the number of hours he worked in a workweek.

20. Plaintiff Toxqui routinely worked six (6) days per week.

21. Plaintiff Toxqui worked approximately seventy-two (72) hours per week.

22. Upon information and belief, Plaintiff was not compensated properly for his minimum wages or for his hours worked in excess of forty (40) hours per work week.

23. Upon information and belief, employees similarly situated to Plaintiff were also compensated improperly, for their minimum wages and for their hours worked in excess of forty (40), worked each week.

24. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

25. At all times material hereto, Plaintiff and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendants.

26. This cause of action is brought to recover from Defendants, minimum wages, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

27. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

28. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

29. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

30. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after April 24, 2015, as well as those non-exempt employees who were not paid minimum wage compensation.

31. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

32. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 31 above.

33. Plaintiffs are entitled to be paid additional compensation for each overtime hour worked per work period.

34. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime hours worked in a work period.

35. All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

36. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

37. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT III
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

38. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 37 above.

39. Defendants' aforementioned conduct is in violation of the NJWHL.

40. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE FLSA

41. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 40 above.

42. Plaintiff is entitled to be paid additional compensation for each of his hours he worked for the minimum wage for hours worked per work week.

6

43. All similarly situated employees of the Defendants are also owed their minimum wages for each and every hour they worked and were not properly paid.

44. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated to them, the minimum wage for their hours worked in a work week.

45. By reason of the said intentional, willful, and unlawful acts of the Defendants Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

46. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## JURY TRIAL

47. Plaintiff and similarly situated employees demands a jury trial.

WHEREFORE, Plaintiff, JOSE TOXQUI, and those similarly situated employees, demand judgment, against Defendants SPAIN INN, INC., LUIS RODRIGUEZ, and JOSE RODRIGUEZ, individually, for the payment of compensation for all hours due them and overtime hours due them, as well as minimum wage compensation, for the hours worked by them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: April 24, 2017

Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com

                    New Jersey Bar No.: 022351993
                    **JAFFE GLENN LAW GROUP, P.A.**
                    301 n. Harrison Street, Suite 9F, #306
                    Princeton, New Jersey 08540
                    Telephone: (201) 687-9977
                    Facsimile: (201) 595-0308
                    *Attorneys for Plaintiff*